IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARVIN B. DINSMORE, et al., on behalf of themselves and all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 23-cv-227-JFH-DES |
| NEW DOMINION, LLC, ) ) ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' First Motion to Compel Discovery and Brief in Support. (Docket No. 31). On November 17, 2023, United States District Judge John F. Heil referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636. (Docket No. 24). The undersigned Magistrate Judge held a hearing on Plaintiffs' First Motion to Compel Discovery and Brief in Support on June 18, 2024. (Docket No. 40). For the reasons set forth below, Plaintiffs' First Motion to Compel is GRANTED.

I.  Background

This case involves claims for statutory interest owed on late payments under Oklahoma's Production Revenue Standards Act, 52 Okla. St. § 570.1 *et seq.* (the "PRSA"), by Defendant New Dominion, LLC, ("Defendant" or "New Dominion"). Under the PRSA, New Dominion is obligated to pay interest on all late payments. Plaintiffs allege New Dominion consistently ignores these obligations and only pays interest to the owners who demand it. (Docket No. 2 at 2).

Plaintiffs initially served Defendant with discovery requests on November 20, 2023 (the "First Requests"). (Docket No. 31 at 3). Contained in the First Requests was a request for New

Dominion's Oklahoma payment history for the relevant period to ascertain the class of persons, in addition to Plaintiffs, to whom New Dominon remitted late payments without paying the statuary interest required under the PRSA. (Docket No. 31-1 at 8). Also included was a request for New Dominion's suspense records.¹ *Id.* at 7-8. New Dominion refused to produce this information. (Docket No. 31 at 2). Finally, Plaintiffs allege Defendant did not verify its interrogatory answers and redacted information that it already agreed to provide. *Id.* Following a meet and confer on these issues, and a subsequent email from Plaintiff seeking status of supplementation to the First Requests, Defendant provided Supplemental Responses. *Id.* at 3. Plaintiffs allege, however, that the supplemental responses failed to cure the deficiencies as they did not even address most of the issues raised in the meet and confer. *Id.* Plaintiffs again contacted Defendants to arrange a second meet and confer to discuss the outstanding discovery issues, but Defendants have not responded or otherwise further supplemented discovery responses. *Id.* Accordingly, Plaintiffs filed their First Motion to Compel seeking: 1) New Dominion's Oklahoma payment history, 2) New Dominion's suspense records, and 3) New Dominion's verified interrogatory answers with unwarranted redactions removed.² *Id.* Furthermore, Plaintiff requests the Court to order Defendant to provide bates numbers for all its Rule 33(d) Responses. (Docket No. 36 at 9).

II.   Standard of Review

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information "is relevant if: (a) it

---

[1] Suspense records are accounting records reflecting proceeds that are suspended rather than in pay status.

[2] Defendant argues in its Response (Docket No. 34) that at the time of the Response's filing, Plaintiffs were provided verified and unredacted responses making Plaintiffs' Motion to Compel these, moot.

has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Information need not be admissible at trial in order to be discoverable. Fed. R. Civ. P 26(b)(1). When a district court intervenes in discovery, "it has discretion in determining what the scope of discovery should be." *In re Cooper Tire & Rubber Co.,* 568 F.3d 1180, 1189 (10th Cir. 2009). District courts managing discovery matters are subject to review only for abuse of discretion. *See Caves v. Beechcraft Corp.,* No. 15-CV-125-CVE-PJC, 2016 WL 355491, at *1 (N.D. Okla. Jan. 29, 2016).

III. Analysis

A. Relevance

At the motion hearing on June 18, 2024, and in its response to the instant motion, Defendant argued that New Dominion's complete payment history and suspension records are not relevant to Plaintiffs' claims. Defendant notes that it conducted its own audit and review of its records and provided Plaintiffs with all relevant potential royalty owners who received late payments under the terms of the PRSA for the relevant time period. (Docket No. 34 at 3). Based on this, Defendant produced copies of forty-five checks made to forty-four individual owners which New Dominion identified as royalty owners that received late interest payments. (Docket No. 31 at 7). Plaintiff objects to this response, not only based on information that New Dominion has over 30,000 owners in Oklahoma, but because this self-curated discovery based on the Defendant's idea of what documents are relevant is impermissible. *Id.* at 7-8. The Court agrees.

In discovery "a party should not be limited by its opponent's theory of the case in determining what is discoverable." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1192 (10th Cir. 2009). "[D]iscovery itself is designed to help define and clarify the issues" and "a request for discovery is relevant if there is any possibility that the information sought may be relevant to the

claim or defense of any party." *Price v. Public Service Co. of Okla.*, No. 13-CV-514-GKF-FHM, 2014 WL 3962475, at *2 (N.D. Okla. Aug. 12, 2014). During the motion hearing, Plaintiff argued that **all** of New Dominion's payment and suspension records are relevant, not only to class certification and any trial on the merits, but also now for a defense to the jurisdictional arguments that Defendant raised in its pending Motion to Dismiss. Accordingly, Plaintiffs' request that the Court compel Defendant to produce its Oklahoma payment history for the five years preceding the filing of this lawsuit and in electronic format is granted. Likewise, Plaintiffs' request that the Court compel Defendant to produce its suspense records in electronic format is also granted.

      B.  Rule 33(d)

Plaintiffs also seek an order from the Court requiring Defendant to fully comply with Fed. R. Civ. P. 33(d) wherein a responding party must specify the responsive record to be reviewed in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. At the motion hearing, Defendant indicated that all documents produced in discovery were bates stamped and that it would not object to supplementing its discovery responses indicating the bates numbers of the responsive documents. Accordingly, Plaintiffs' request that Defendant identify documents by bates number is granted.

IT IS THEREFORE ORDERED that Plaintiffs' First Motion to Compel (Docket No. 31) is GRANTED as more fully set forth herein. Defendant shall comply with the production required by this Order no later than July 22, 2024.

IT IS SO ORDERED this 21st day of June, 2024.

_____
D. Edward Snow
United States Magistrate Judge